UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 98-194 |
| JESSE CAGE | SECTION: B |

### TRANSFER ORDER

Defendant, JESSE CAGE, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 1999 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1)  The Court erred in its analysis of defendant's Rule 60(b)(6) motion when it considered a two-level increase in the calculation of his sentence for his role as a leader/organizer.

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. Rec. Doc. No. 306. In that motion, filed November 12, 2002, defendant raised the following grounds for relief:

1)  He received ineffective assistance of counsel when trial counsel failed to point out to the district judge that the wiretaps should have been suppressed because federal agents did not comport with state law, failed to note that his base offense level under the guidelines should be 32 rather than 37, and failed to establish at the sentencing hearing that he was not a career offender under the guidelines.

That motion was denied with prejudice on the merits by Judgment entered August 27, 2004. Defendant appealed that judgment. The United States Fifth Circuit Court of Appeal affirmed. United

States v. Jesse L. Cage, 04-30978 (5th Cir. 2006).[1]

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255.  In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

---

[1] This Court also denied Cage's 60(b)(6) motion, in which he sought review of the earlier decision denying his habeas petition. In that ruling denying relief under Rule 60(b)(6), we noted, "[t]o the extent Cage attacks his underlying conviction, his motion is successive and unauthorized.  28 U.S.C. § 2255." Rec. Doc. No. 338.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this 13th day of March, 2007.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE