UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 98-194 |
| JESSE L. CAGE | SECTION "B" |

<u>ORDER</u>

Before the Court is Petitioner Jesse Cage's self-styled "Motion to Amend Writ of Habeas Corpus." (Rec. Doc. No. 357). Because the proposed amendment is untimely, the motion is **DENIED**. Further, because the Court is without jurisdiction to consider Cage's argument regarding new Supreme Court precedent, the instant case is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this Court.

**I. Procedural History**

Cage's first petition for collateral relief under 28 U.S.C. § 2255 was filed on November 12, 2002. (Rec. Doc. No. 306). The Court denied relief. (Rec. Doc. No. 324). The Fifth Circuit affirmed. *United States v. Cage*, 169 F. App'x 883 (5th Cir. 2006). Cage filed two further motions, in 2005 and 2007 respectively, both seeking review of his sentence. The first was denied. (Rec. Doc. No. 338). The second was transferred to the

1

Fifth Circuit Court of Appeals because it represented a successive habeas petition within the meaning of 28 U.S.C. § 2255(h). (Rec. Doc. No. 350).

In the instant Motion, Cage asks the Court to consider the Supreme Court's recent rulings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). He contends both make his sentence improper. He further argues that his habeas counsel was ineffective for failing to raise certain arguments to the Court of Appeals regarding wiretap evidence admitted at his trial, and for not challenging enhancements to his eventual sentence. He also asks the Court to reconsider its prior ruling on his initial § 2255 Motion.

**I. Amendments to a 28 U.S.C. § 2255 Motion**

To be timely, a motion under § 2255 must generally be filed within one year of final judgment. 28 U.S.C. § 2255(f). Amendments to the motion may be made after the one-year period only if the amended claims relate back to the original petition. *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). To determine if an amendment relates back, the Court looks to Federal Rule of Civil Procedure 15, which states in relevant part "'[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out the conduct, transaction, or occurrence set out-or attempted to be set out-in the original

2

pleading . . .'" *Gonzalez* at 679 (quoting Fed.R.Civ.P. 15(c)(1)(B)).

Cage's instant motion to amend is clearly outside the ordinary one-year time period, as his petition for certiorari was denied in 2001 – the date the one-year limitation would have begun to run. *Cage v. United States*, 534 U.S. 1032 (2001). Accordingly, his proposed amendment is only permissible if it relates back to his original motion. It does not.

Several of the claims in Cage's instant motion have been addressed in the Court's prior orders, and are not analyzed again here. However, two new issues merit discussion.

First, Cage's proposed amendment seeks to apply the holding of *Martinez* and *Trevino* to, as he states, "excuse a procedural default on a 6th Amendment claim." (Rec. Doc. No. 357 at 6). This claim "differ[s] in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Procedural default was not an issue in Cage's original petition or his sentencing petition – which focused on suppression of wiretap evidence and certain sentencing enhancements. (Rec. Doc. Nos. 306, 335, 349). Thus, the new claim does not relate back and is untimely.

Second, Cage argues in the instant motion that counsel was ineffective for not raising all possible claims in his post-conviction appeal to the Fifth Circuit. Again, this claim is

different in both time and type from his original petition. While the original motion claimed that *trial counsel* was ineffective in failing to move to suppress wiretap evidence (Rec. Doc. No. 306 at 2), the instant motion claims *habeas counsel* failed to raise certain claims to the Fifth Circuit. Although both ineffective assistance of counsel claims, the substance of the two claims is clearly distinct – making them different for purposes of the relation back analysis. *See Gonzalez*, 592 F.3d at 680 ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision."). At the absolute latest, Cage's claim that post-conviction counsel was ineffective should have been brought in 2007 – a year after the Fifth Circuit denied his appeal of this Court's denial of his original § 2255 motion. *United States v. Cage*, 169 F. App'x 883 (5th Cir. 2006). The instant motion, filed in 2014, is clearly untimely and does not relate back to the initial filing.

**II. Second or Successive § 2255 Motions**

Because Cage's proposed amendment is untimely, the Court considers his request to be a new motion. To the extent it may be considered as a second or successive § 2255 motion, it should first "be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Cage has

4

not yet obtained certification from the court of appeals to proceed with the instant motion. Accordingly, we are without jurisdiction to dismiss the motion at this moment. Under 28 U.S.C. § 1631 the Court is permitted to transfer the case to the relevant court of appeals "if it is in the interest of justice." That standard is met in this case, albeit minimally, and the instant action is transferred to the United States Court of Appeals for the Fifth Circuit.

Accordingly and for the reasons articulation above, Cage's Motion to Amend Writ of Habeas Corpus (Rec. Doc. No. 357) is denied without prejudice to allow its tranfer to the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that appellate court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this Court.

New Orleans, Louisiana, this 12th day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE