```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                               **CRIMINAL ACTION**

**VERSUS**                                                 **NO. 98-194**

**JESSE L CAGE**                                           **SECTION "B"**

## ORDER AND REASONS

**IT IS ORDERED** that Defendant Jesse Cage's motion to reduce sentence is **DENIED.** (See Record Docs. 394, 398, and 399).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant was convicted by a jury on September 23, 1999 to conspiracy to possess with intent to distribute cocaine hydrochloride. Rec. Doc. 252. Defendant was sentenced on May 3, 2000 by Judge Morey L. Sear to 360 months in prison and 8 years of supervised release. Id.

On May 8, 2000 defendant appealed the district court's decision. Rec. Doc. 253. On July 2, 2001, the Fifth Circuit affirmed the defendant's imprisonment sentence and vacated the supervised release term remanding the case to the district court because the supervised release term was beyond the Guidelines maximum six-year term that could be allowed in light of a recent decision in *Apprendi v. New Jersey*, 350 U.S. 466 (2000). Rec. Doc. 290. On August 13, 2001, the district court amended the judgment pursuant to the Fifth Circuit's directive, thereby reducing the

1

defendant's supervised release to 6 years. Rec. Doc. 303. On November 23, 2001, the Supreme Court denied defendant's petition for a writ of certiorari. See *Cage v. United States*, 534 U.S. 1032 (2001).

In 2018, Section 603(b) of the First Step Act of 2018 amended the compassionate release statute of 18 U.S.C. § 3582(c)(1)(A)(i) to allow defendants, upon certain conditions, to seek reductions of their sentences for extraordinary and compelling reasons. On December 23, 2019, the defendant filed the instant motion pursuant to 18:3582(c)(1)(A)(i) and or FRCP 35(a) Under "Extraordinary and Compelling Reasons" to Reduce Sentence re First Step Act 2018. Rec. Doc. 394.

Defendant contends that there is an extraordinary and compelling reason to reduce his sentence based on an alleged error of this court. Rec. Doc. 394. Defendant alleges the district court failed to recalculate his sentence on remand from the Fifth Circuit. Id. In opposition, the government, argues the absence of any unusual or extraordinary circumstances justifying a reduction in defendant's sentence. Rec. Doc. 398. The government maintains that defendant's sentence is not incorrect and that because neither §3582(c)(1)(A)(i) nor Rule 35(a) provide defendant any relief the defendant's motion should be denied. Id.

**LAW AND ANALYSIS**

" '[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). These limited circumstances are set forth in 18 U.S.C. § 3582(b), which provides:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>> (1)  modified pursuant to the provisions of subsection (c);
>> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes. 18 U.S.C. § 3582(b).

In turn, subsection (c) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors

> set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure ... *Id.* § 3582(c)(1).

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow courts to modify sentences not only upon motion of the Director of the Bureau of Prisons (BOP) but also upon "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Pub. L. No. 226-391, § 603, 132 Stat. 5194, 5238-40 (2018).

Cage has not demonstrated in his motion that he has exhausted his administrative remedies as 18 U.S.C. § 3582(c)(1)(A). Because Cage has failed to exhaust administrative remedies, his motion

is unauthorized and thereby denied. *See United States v. Early*, 27 F.3d 140 (5th Cir. 1994).

Further, Cage is misinformed in comparing his case to that of *United States v. Black,* in which the United States District Court, E.D. Virginia, refused to ignore an erroneous career offender enhancement in a calculation of a defendant's Sentencing Guidelines range, although Section 3582 proceedings are limited in scope and the court had no occasion to address the issue of whether the court erroneously categorized the defendant as a career offender in his original sentencing. *United States v. Black*, 388 F. Supp. 3d 682, 689 (E.D. Va. 2019). In *United States v. Black,* the government recognized the error in the defendant being considered a career criminal when in fact the predicate offenses used to determine that the defendant was a career criminal should have been considered as one offense under the Guidelines when the defendant was sentenced. *Id.* Such is not the same in the Cage's case. The government has not admitted to any error in Cage's sentencing calculations. Moreover, the government contends the calculations are without error. Rec. Doc. 398 at 3.

The Fifth Circuit previously affirmed Cage's 360-month prison sentence and vacated his supervised release term. Rec. Doc. 290. The Fifth Circuit only vacated the term of supervised release and remanded so that this court could modify that aspect of sentence

5

to fall between five and six years. *Id.* Regardless of the defendant's belief, remand did not require a brand-new prison sentence. The defendant's motion is without merit.

New Orleans, Louisiana this 27th day of April, 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE