**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                               **CRIMINAL ACTION**

**VERSUS**                                                 **NO. 98-194**

**JESSE L. CAGE**                                          **SECTION "B"**

<u>**ORDER AND REASONS**</u>

Considering defendant Jesse L. Cage's Motion for Compassionate Release (Rec. Doc. 401) and the government's response (Rec. Doc. 405),

**IT IS ORDERED** that the motion (Rec. Doc. 401) is **DISMISSED WITHOUT PREJUDICE** to refile upon satisfaction of the 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement along with other relevant material noted *infra*, e.g. medical records.

A motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) may be granted only if filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A). If the defendant can show that he exhausted all administrative remedies, the court may reduce the defendant's term of imprisonment upon a finding that "(i) extraordinary and compelling reasons warrant such a reduction" and

1

"(ii). . .such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Fifth Circuit held that Section 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule." *United States v.* Franco, 973 F.3d 465, 468 (5th Cir. 2020). A defendant's failure to exhaust can be "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). However, "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020)(*per curiam*).

In *Knox*, the court held that the defendant's letter to the warden without further proof that the warden received his request for compassionate release does not satisfy the exhaustion requirement. *United States v. Knox*, No. 3:12-CR-0252-B, 2020 WL 4432852, at *2 (N.D.Tex. July 31, 2020); *see United States v. Dirks*, No. 3:14-CR-0374-L-3, 2020 WL 3574648, at *1 (N.D.Tex. June 30, 2020)(denying compassionate release for failure to exhaust administrative remedies where defendant did not attach a copy of her request to the warden). By contrast, in *Perdigao*, the defendant's written petition to the warden and subsequent follow-up emails that went unanswered were sufficient to show exhaustion

after thirty days elapsed since his original petition. *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D.La. Apr. 2, 2020)(Fallon, J.)(granting compassionate release).

Defendant maintains that thirty days have elapsed since he initially emailed the warden about an alleged compassionate release request, but he has not received a response nor been able to obtain a copy of his request. *See* Rec. Docs. 409-1, 408. Defendant further asserts that he submitted a B98 to his counselor, who told him she would pass it onto her supervisor. Rec. Docs. 407, 408. However, thirty days have also passed without response since he submitted his B98, and defendant states, by suggestion of his counselor, that the Court may verify defendant's request by directly contacting the counselor. *Id.*

Unlike *Perdigao*, Cage does not provide any proof to substantiate his assertion that he emailed a request for compassionate release to the warden. Cage's follow up email to the warden regarding the status of his internal request is insufficient to satisfy the exhaustion requirement because it fails to show that the warden received such request. To the extent that Cage attempts to show exhaustion through an email he sent to the assistant warden, this is likewise inadequate proof because Cage merely asked general questions about compassionate release eligibility. *See* Rec. Docs. 404, 405 at 6, n. 6; *see also United States v. Ansari*, No. 07-337, 2020 WL 4284340, at *4 (E.D.La. July

3

27, 2020)(construing defendant's letter to the warden clearly requesting a reduction in sentence under Section 3582(c) as a request for compassionate release).

Assuming *arguendo* that defendant met the exhaustion requirement and we were authorized to consider the merits of his motion, defendant fails to establish any extraordinary or compelling reason at this time to justify a sentence reduction. Where the defendant seeks compassionate release on the basis of his underlying medical conditions, "extraordinary and compelling" reasons exist when the defendant, who does not pose a danger to the community, is suffering from a terminal illness[1], a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of age that substantially diminishes the defendant's ability to provide self-care. *United States v. Henderson*, No. 11-271, 2020 WL 2850150, at *2 (E.D.La. June 2, 2020)(Milazzo, J.)(citing U.S.S.G. 1B1.13).

Defendant claims that his age and "liver problems" make him eligible for compassionate release. Rec. Doc. 401 at 2. Defendant further states that he and his counselor have attempted to obtain his medical records without success. Rec. Doc. 407. Still, defendant does not allege that his age or underlying health is

---

[1] The Sentencing Commission included the following examples of a "terminal illness": metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. *See* U.S.S.G. 1B1.13.

serious, terminal, or hinders his ability to render self-care. Instead, defendant emphasizes his general concerns about COVID-19 and its potential impact at the custodial facility. Rec. Doc. 401 at 2.

Without defendant's medical records, we cannot meaningfully assess the nature of his liver problems and whether they present an extraordinary or compelling reason for compassionate release. *See United States v. Delgado*, No. 3:17-CR-242-B (01), 2020 WL 2542624, at *3 (N.D.Tex. May 19, 2020)("Delgado has failed, however, to provide the Court any medical records. . .to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care."). Additionally, defendant's general fear of contracting the virus while in custody is also unavailing. *See United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020); *see also United States v. Clark*, 341 F.Supp.3d 651, 656 (M.D.La. 2020).

New Orleans, Louisiana this 27th day of March 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

5