**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 98-cr-194** |
| **JESSE L. CAGE** | **SECTION "B"** |

**ORDER AND REASONS**

Before the Court are defendant Jessie L. Cage's motion for compassionate release (Rec. Doc. 422), his wife's supplemental letter in support (Rec. Doc. 423), and the government's opposition (Rec. Doc. 431). After careful consideration,

**IT IS ORDERED** that the defendant's motion for compassionate release (Rec. Doc. 422) is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

On September 23, 1999, defendant Jessie L. Cage ("Cage") was convicted after a jury trial of conspiracy with intent to distribute cocaine hydrochloride, a violation of the Federal Controlled Substances Act, 21 U.S.C. § 846. *See* Rec. Docs. 178, 252. On May 5, 2000, Cage was sentenced to 360 months imprisonment in the custody of the Bureau of Prisons ("BOP") and an eight-year term of supervised release. Rec. Doc. 252. On appeal, the Fifth Circuit Court of Appeals affirmed Cage's conviction but found plain error in the length of his supervised release. Rec. Doc. 290 at 24-27 (misapplication of sentencing provisions in light of *Apprendi v. New Jersey*). Accordingly, this Court amended

defendant's supervised release to a term of six years. Rec. Doc. 303. Defendant has served approximately 273 months of his sentence and is housed at Yazoo City Medium Federal Correctional Institution ("Yazoo City") with a projected release date of July 25, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc (last visited July 11, 2022).

Since his 1999 conviction, Cage has raised various theories for sentence-reducing relief. *See* Rec. Docs. 306, 335, 376, 381, 394, 401, and 415. This Court has rejected each. *See* Rec. Docs. 324, 338, 378, 391, 400, 414, and 421. In the most recent denial, on March 10, 2022, this Court determined defendant's motion for compassionate release failed on the merits. Rec. Doc. 421 at 9. Specifically, the Court could not find an extraordinary and compelling reason for a sentence reduction. *Id.* ("Cage did not establish that his liver condition was an 'extraordinary and compelling reason' for sentence reduction."). Even if such a reason had been sufficiently shown, the Court concluded that 18 U.S.C. § 3553(a) factors would still dictate that the sentence remain unaltered. *Id.* at 16-17 ("On balance however, Cage's criminal history, the nature of the instant conviction, his conduct and disciplinary record as a whole serve to weigh against compassionate release.").

On March 31, 2022, defendant filed the instant motion, requesting compassionate release. Rec. Doc. 422. On July 8, 2022,

the government responded in opposition, arguing for another denial of defendant's similarly constructed motion. Rec. Doc. 431.

## LAW AND ANALYSIS

### A. Exhaustion of Administrative Remedies

For a federal court to consider a motion for compassionate release, a defendant must first exhaust his administrative remedies. 18 § 3582(c)(1)(A). Such exhaustion occurs either when: (1) a defendant has completely appealed the BOP's refusal "to bring a motion on the defendant's behalf" or (2) a defendant's request remains unanswered by his warden after thirty days. *Id.* The Fifth Circuit describes exhaustion as a "mandatory claim-processing rule." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Consequently, such a rule provides that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 920(2020). There are no exceptions to the legislatively inscribed rule. *Id.* ("Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with the BOP.") (emphasis original).

However, in order to assert an exhaustion failure, the government must raise the exception. *United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1-2 (5th Cir. Jan. 5, 2022) (vacating the denial of a compassionate release when the government did not

raise the issue and remanding the case); *United States v. Snodgrass*, 857 F. App'x. 819, 820 (5th Cir. 2021) (affirming the denial when "[t]he Government raised the exhaustion rule in the district court."). Put another way, a court cannot find exhaustion failure *sua sponte*. *McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022) (finding the district court abused its discretion).

In the instant case, the *pro se* defendant carefully details his steps to exhaust administrative remedies, attaching documents and citing caselaw authority. Rec. Doc. 422-1 at 1-4; Rec. Doc. 422 at 2 (analogizing *United States v. Perdigao*, No. 07-103, 2020 WL 1672322 at 2 (E.D. La. Apr. 2, 2020)). On the other hand, the government does not challenge defendant's assertion of exhaustion. *See* Rec. Doc. 431 at 2-3. Thereby, it waives the exception. We, thus, treat exhaustion of administrative remedies as established.

**B. Defendant's motion fails from a § 3582(c)(1)(A) analysis**

A showing of exhaustion, however, only opens the door to a compassionate release evaluation. At that threshold, Cage's motion fails its § 3582(c)(1)(A) analysis. The legislation provides two categories of defendants eligible for compassionate release: those (1) showing extraordinary and compelling reasons or (2) being at least seventy years old and having served thirty years in prison. 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). Regarding the latter category, defendant in the instant case clearly falls outside its scope.

Cage is sixty-three years old and has served nearly twenty-three years in prison. Rec. Doc. 422 at 1, 3. He is short of both necessary measures.

The first category, however, presents a closer question. The defendant has the burden to prove extraordinary and compelling reasons. *United States v. Vedros*, No. 14-237, 2020 WL 2838589, at *2 (E.D. La. June 1, 2020), *appeal dismissed*, No. 20-30511, 2021 WL 3627258 (5th Cir. Mar. 16, 2021). The extraordinary-and-compelling measure creates a requirement that is "notoriously thorny," as "Congress never defined or provided examples . . . that might warrant a reduction." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). This question, however, is only prickly to the touch, and before the 2018 passage of the First Step Act,[1] it stung rarely. With that legislation, inmates newly possessed the right to bring compassionate release actions in federal court; the advent of this right and the spread of COVID-19 combined to significantly increase analysis of extraordinary and compelling reasons.

While substantially expanding the applicant pool, the First Step Act did not alter language in the United States Sentencing Guidelines Manual that supported a § 3582(c)(1)(A) evaluation. The text remains directed only to the Director of the Bureau of

[1] Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018).

Prisons. U.S. Sent’g Guidelines Manual § 1B1.13. In light of this discrepancy, the Fifth Circuit has interpreted the text as “not dispositive,” but it still “informs our analysis as to what reasons may be sufficiently extraordinary and compelling to merit compassionate release.” *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (internal quotation removed), *cert. denied*, 141 S. Ct. 2688 (2021); *see also United States v. Jackson*, 27 F.4th 1088, 1092 (5th Cir. 2022) (vacating a compassionate release denial when the district court “limited its analysis” to § 1B1.13 alone).

The commentary to the pertinent section of the Sentencing Manual lists four types of extraordinary and compelling reasons for consideration: medical condition, age, family circumstances, and other reasons. U.S. Sent’g Guidelines Manual § 1B1.13 cmt. n.1(A)-(D). Cage has not raised any medical concerns in the instant motion, instead focusing his argument on elderly and family reasons. Rec. Doc. 422 at 3-5. His requests to his warden demonstrate his decision to make these specific arguments. *Compare* Rec. Doc. 422-1 at 4 (Mar. 21, 2021 request) *with* Rec. Doc. 415 at 3 (Apr. 13, 2021 request). Further, this Court extensively considered defendant’s medical reasons in his previous denial. Rec. Doc. 421 8-12. We turn, then, to the other Sentencing Manual examples in analysis of extraordinary and compelling reasons for defendant’s compassionate release.

**1. Defendant's age does not present an extraordinary and compelling reason**

In its explanatory commentary, the Sentencing Manual provides a different age-related consideration than that found in § 3582(c)(1)(A). U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(B). However, Cage also falls short of this measure. The Sentencing Manual presents an extraordinary and compelling reason as when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* Here, Cage surmounts only the third hurdle, having now served over seventy-five percent of his sentence. *See* Rec. Doc. 422 at 1. Defendant, however, is sixty-three years old—short of the age requirement. *Id.* at 3. More significantly, Cage offers no evidence of "a serious deterioration in physical or mental health because of the aging process." The Fifth Circuit has adopted language from Sentencing Manual's section on medical concerns to explain this standard as "serious medical conditions that substantially diminish [a defendant's] ability to provide for self-care and from which he is not expected to recover." *United States v. Rivas*, 833 Fed. App'x. 556, 559 (5th Cir. 2020). Further, the defendant must show that the condition has occurred "*because of* the aging process," not from some other source. *Id.* (finding inapplicable

"the highly unusual circumstances caused by COVID-19") (emphasis original). In the instant motion, Cage has not attempted such a medical showing. We reiterate our conclusion in our previous denial that Cage's medical conditions "do not warrant an extraordinary or compelling reason for [his] release." Rec. Doc. 421 at 11.

**2. Defendant's family circumstances do not present an extraordinary and compelling reason**

Cage's natural family desires do not rise to the extraordinary or compelling. The Sentencing Commission offers two examples for family circumstances that would provide grounds for a compassionate release: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(C). As such, a defendant can justify compassionate release from family circumstances only in "extreme situations." *United States v. Bowyer*, No. 16-96, 2020 WL 5942195, at *2 (E.D. La. Oct. 7, 2020) (gathering cases). Applicable circumstances envision a defendant as the only potential caregiver for a family member who cannot provide self-care. *See United States v. Tyler*, 2021 WL 736467, at *3-4 (E.D. La. Feb. 25, 2021).

Here, Cage provides no details of extreme family circumstances. Defendant merely states he "wish[es] more than

anything to be home amongst his family." Rec. Doc. 422 at 5. While it is laudable that Cage has "kept close ties with family and members of his community," compassionate release based on family circumstances demands a defendant to have a unique caregiving role. *Id.* at 3. The letter from defendant's wife suggests only a general desire for family reunion. Rec. Doc. 423 at 1 ("I do know that we as his family need him home."). As such, defendant presents no grounds for compassionate release due to family circumstances.

**3. Defendant's other reasons do not present an extraordinary and compelling reason**

Cage's possible recourse to "other reasons" fails to provide an extraordinary and compelling reason. In line with Fifth Circuit precedent, courts may evaluate "other reasons" for compassionate release. *See Thompson*, 984 F.3d at 434; *Shkambi*, 993 F.3d at 393 ("[N]either the [Sentencing Manual § 1B1.13] policy statement nor the commentary to it binds a district court a prisoner's own motion under § 3582."). However, courts are split on whether the identification of "other reasons" is restricted to the BOP or is extended to the district court. See *United States v. Ruffin*, 978 F.3d 1000, 1006-08 (6th Cir. 2020) (describing the circuit split). In *Thompson*, the Fifth Circuit refused to choose a side, "opt[ing] not to weigh in on the split of authority as to whether this catch-all provision delegates only to the Bureau of Prisons—and not the

courts—the task of identifying 'other reasons' justifying early release." *Thompson*, 984 F.3d at 433 n. 4.

This Court has followed suit, resisting categorical "other reasons." *See, e.g.*, *United States v. Helmstetter*, No. 92-469, 2021 WL 310355, at *4 (E.D. La. Jan. 21, 2021) ("This Court need not weigh in either."). Even so, in this context, courts have analyzed a defendant's rehabilitation, *see United States v. Harper*, No. 3:13-231-12021, 2021 WL 2457193, at *4 (W.D. La. June 16, 2021); a defendant's particularized threat from COVID-19, *see Helmstetter*, 2021 WL 310355, at *6; and a defendant's sentence in light of legislative adjustments, *see United States v. Lee*, No. 04-11, 2021 WL 3129243, at *3 (E.D. La. July 23, 2021). This Court included all three considerations in our previous denial of defendant's motion for compassionate release. Rec. Doc. 13-14.

In the instant motion, Cage again details his many rehabilitative efforts, which include his involvement and leadership in prison programs, his design of an anti-theft delivery box, and his status as a published author. *Id.* at 3; *see also* Rec. Doc. 422-1 at 5-10 (attachments of speaking series and design correspondence). Clarifying legislation stresses, however, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Further, this Court has thoroughly considered Cage's sentence if applied today. Rec. Doc. 421 at 13. The government has conceded

defendant's proper sentencing range would be 262 to 327 months. Rec. Doc. 418 at 21-22. As it stands, Cage is scheduled to serve within that range. *See* Inmate Locator, https://www.bop.gov/inmateloc (last visited July 13, 2022). Defendant's sentence does not present an extraordinary and compelling reason for compassionate release, taking into account also the findings below.

**C. Overarching § 3553(a) factors continue to militate against defendant's compassionate release**

Though our analysis can conclude with no finding of an extraordinary and compelling reason for compassionate release, we emphasize that our previous § 3553(a) conclusion still holds, namely that "the nature of the instant conviction, his conduct and disciplinary record as a whole serve to weigh against compassionate release." Rec. Doc. 16-17. The statutory text of § 3582(c)(1)(A) indicates that § 3553(a) factors need to separately weigh in favor of compassionate release. 18 U.S.C. § 3582(c)(2). As the Fifth Circuit has expressed it, the § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. Mar. 9, 2022). We are "obligated" to consider these factors when weighing a compassionate release. *Ward*, 11 F.4th at 360.

This Court carefully considers § 3553(a) factors, particularly (1) the sentence relative to the nature and

seriousness of his offense; (2) the defendant's personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide rehabilitative services; (7) the applicable guideline sentence; and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(1)-(6). Applying these factors to defendant's case, this Court again finds compassionate release unwarranted.

As we have previously concluded, significant factors compel a denial of Cage's motion for compassionate release, including his multiple felony convictions, history of narcotics possession, and the instant conviction of conspiracy to possess with intent to distribute cocaine hydrochloride. *See* Rec. Doc. 421 at 15. We note defendant's explanation of his only disciplinary infraction since 2011. *See* Rec. Doc. 422 at 3-4. However, our previous determination was not based on that infraction alone—nor does its explanation guide our current one. We again conclude "the nature of the instant conviction, [defendant's] conduct and disciplinary record as a whole serve to weigh against compassionate release." Rec. Doc. 16-17.

**D. The Court is unable to place defendant in the Elderly Offender pilot program of the First Step Act**

Since July 2020, Cage has requested information on the Elderly Offender program of the First Step Act. Rec. Doc. 422-1 at 1. That email and multiple other requests have gone unanswered. Rec. Doc. 422 at 2 ("But yet nothing has became *[sic]* of the request."). Though powerless to assist, this Court will supply information the BOP apparently has withheld.

As part of the 2018 First Step Act, Congress updated 34 U.S.C. § 60541, the Federal Prisoner Reentry Initiative. *See* Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018). Therein, the legislation created the "Elderly and family reunification for certain nonviolent offenders pilot program." 34 U.S.C. § 60541(g). The program extends from 2019 to 2023. *Id.* at § 60541(g)(3). An inmate eligible for the program is one (1) not less than sixty years old; (2) not sentenced to life imprisonment based on conviction for a crime of violence, sex offense, international terrorism, or espionage; (3) having served at least two-thirds of the current sentence; (4) never previously convicted of a federal or state crime of violence, sex offense, international terrorism, or espionage; (5) having not been determined by the BOP to have a history of violence, sex offenses, terrorism, or espionage; (6) having not escaped or attempted to escape from a BOP institution; (7) determined by the BOP to reduce federal government costs by

home detention; and (8) determined by the BOP to pose no substantial risk of engaging in criminal conduct or endangering the public through home detention. *Id.* at § 60541(g)(5)(A)(i)-(vii). The program does not reduce a defendant's sentence but "plac[es] such offenders on home detention until the expiration of the prison term to which the offender was sentenced." *Id.* at § 60541(g)(1)(A). Since the program's inception, 1,179 inmates have been placed in home detention. *See* U.S. Dep't of Just., FIRST STEP ACT ANNUAL REPORT 41 (2022), https://www.ojp.gov/first-step-act-annual-report-april-2022.

Here, Cage may have a viable cause for program eligibility. Unlike the compassionate release measures, he meets the age requirement. His difficulty, however, would be to prove his previous burglary convictions were not state crimes of violence. *See United States v. Montgomery*, 974 F.3d 587, 593 (5th Cir. 2020) (Louisiana burglary qualifies as violent felony for Armed Career Criminal Act purposes); *but see* U.S. Sent'g Guidelines Manual, Appendix C, Amendment 798 August 1, 2016 (deleting burglary of a dwelling from crimes of violence listed in § 4B1.2). This question, however, is not before the Court today—nor could it be at this preliminary stage. The Fifth Circuit has clarified that placement in the pilot Elderly Offender program is under the auspices of the executive branch, specifically the attorney general. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). Judicial review may

only be appropriate in disputes over the statutory interpretation of § 60541(g). *Id.* at 600. The Court commends Cage's pursuit of a remedy, but his relief is not currently found through a judicial procedure.

New Orleans, Louisiana this 27th day of July, 2022

___________________________________
SENIOR UNITED STATES DISTRICT JUDGE