```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                                **CRIMINAL ACTION**

**VERSUS**                                                  **NO. 98-194**

**JESSE L CAGE**                                            **SECTION "B"**

### ORDER AND REASONS

Before the Court are defendant Jesse L. Cage's motion pursuant to 18 U.S.C. 3582(c)(1)(a)(i) and/or Fed. R. Crim. P. 35(a) under extraordinary and compelling reasons (Rec. Doc. 442), the government's opposition (Rec. Doc. 444), and defendant's reply (Rec. Doc. 447). For the following reasons,

**IT IS HEREBY ORDERED** that the defendant's latest motion for compassionate release or reduction in sentence is **DENIED**.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 23, 1999, following a jury trial, defendant Jesse L. Cage ("Cage") was convicted of conspiracy with intent to distribute cocaine hydrochloride, a violation of the Federal Controlled Substances Act, 21 U.S.C. § 846. *See* Rec. Docs. 178, 252. On May 5, 2000, Cage was sentenced to 360 months imprisonment in the custody of the Bureau of Prisons ("BOP") and an eight-year term of supervised release. Rec. Doc. 252. On appeal, the Fifth Circuit Court of Appeals affirmed Cage's conviction and term of imprisonment but found error in the length of his supervised release. Rec. Doc. 290 at 24-31. Accordingly, this Court amended defendant's supervised release to a term of six years. Rec. Doc. 303. Defendant has served approximately 280 months of his sentence

1

and is housed at USP Yazoo City a high security U.S. penitentiary with a projected release date of July 25, 2025. *See* Find an inmate, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited March 30, 2023).

Since his 1999 conviction, Cage has raised various theories for sentence-reducing relief. *See* Rec. Docs. 306, 335, 376, 381, 394, 401, 415, and 422. This Court has rejected each. *See* Rec. Docs. 324, 338, 378, 391, 400, 414, 421, and 432. In the most recent denial, on July 27, 2022, defendant's motion for compassionate release failed on the merits. Rec. Doc. 432 at 4. Specifically, the Court found defendant did not establish an extraordinary and compelling reason for a sentence reduction. *Id.* at 4, 11 ("[O]ur analysis can conclude with no finding of an extraordinary and compelling reason for compassionate release"). Even if such a reason had been sufficiently shown, the Court concluded that its previous 18 U.S.C. § 3553(a) analysis would still hold. *Id.* at 11-12 ("As we have previously concluded, significant factors compel a denial of Cage's motion for compassionate release" including the nature of Cage's conviction, his conduct, and prison disciplinary record).

On October 24, 2022, defendant filed the instant motion, requesting compassionate release or a reduction in sentence. *See* Rec. Doc. 442. On November 9, 2022, the government responded in opposition, incorporating its prior filings, and arguing for another denial of defendant's similarly constructed motion. *See* Rec. Doc. 444. Defendant responded to the government's opposition on November 25, 2023. *See* Rec. Doc. 447.

**II.   LAW AND ANALYSIS**

    **A. Standard of Review**

A defendant may move the Court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to the warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). Once the that requirement has been met, the court may reduce a defendant's term of imprisonment after considering the sentencing factors in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1); *Ward v. United States*, 11 F.4th 354, 359-60 (5th Cir. 2021). The defendant has the burden of proving he is entitled to a reduction. *See Ward*, 11 F.4th at 361.

    **B. Exhaustion of Administrative Remedies**

In the instant case, the government does not challenge whether defendant has exhausted his administrative remedies and even tacitly agrees that he has done so. *See* Rec. Doc. 444 at 1, n.1 ("Cage appears to have exhausted his administrative remedies for this claim"). Thereby, we treat exhaustion of administrative remedies as established.

    **C. Defendant's Motion Fails on the Merits**

A showing of exhaustion only opens the door to a compassionate release analysis but does not itself establish defendant's claim for compassionate release. Here, while the exhaustion requirement is

3

satisfied, Cage's motion subsequently fails the § 3582(c)(1)(A) analysis. The legislation provides two categories of defendants eligible for compassionate release: those (1) showing extraordinary and compelling reasons under § 3582(c)(1)(A)(i) or (2) being at least seventy years old and having served thirty years in prison under 18 U.S.C. § 3582(c)(1)(A)(ii). Defendant does not bring his motion or allege that he satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A)(ii), which requires defendant be at least seventy years of age.[1] Therefore, the Court will only consider a § 3582(c)(1)(A)(i) analysis of extraordinary and compelling reasons.

Cage fails to show an extraordinary and compelling reason for a release or reduction in his sentence. The defendant has the burden to prove extraordinary and compelling reasons. *United States v. Vedros*, No. 14-237, 2020 WL 2838589, at *2 (E.D. La. June 1, 2020), *appeal dismissed*, No. 20-30511, 2021 WL 3627258 (5th Cir. Mar. 16, 2021). The extraordinary and compelling measure creates a requirement that is "notoriously thorny," as "Congress never defined or provided examples . . . that might warrant a reduction." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). "Instead, [Congress] delegated that authority to the Sentencing Commissions." *Id.* .

The Sentencing Commission's policy statement regarding extraordinary and compelling reasons appears in U.S.S.G. § 1B1.13. While

---

[1] Defendant Cage is sixty-three years old and has served over twenty-three years in prison. Rec. Doc. 447 at 3.

4

§ 1B1.13 is not dispositive, it still "informs our analysis as to what reasons may be sufficiently extraordinary and compelling to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (internal quotation removed), *cert. denied*, 141 S. Ct. 2688 (2021); *see also United States v. Jackson*, 27 F.4th 1088, 1092 (5th Cir. 2022) (vacating a compassionate release denial when the district court "limited its analysis" to § 1B1.13 alone).

The commentary to the pertinent section of the Sentencing Guidelines lists four types of extraordinary and compelling reasons for consideration: medical condition, age, family circumstances, and other reasons. U.S. Sent'g Guidelines Manual § 1B1.13 cmts. (A)-(D). Cage has not raised any medical, age, or family concerns in the instant motion, instead he focuses his argument on other reasons. Rec. Doc. 442 at 2-4. Defendant argues that his sentence is in error[2] and requests that it be corrected, that the flawed sentence be found to be an "extraordinary and compelling reason" to warrant relief under § 3582(c)(1)(A)(i), and that his improper sentence be considered in the Court's § 3553(a) factor analysis. *See id.*

The Fifth Circuit has determined that in cases where an incarcerated person files a motion for compassionate release, the

---

[2] Defendant specifically contends that "When denying the defendant's sentencing reduction July 27, 2022, this Honorable Court recognized, and so did the government, that his guideline maximum was in error and the correct maximum was 327," however, this is a misstatement of the Court's order. *See* Rec. Doc. 442 at 1-2. Whereas this Court stated that we "thoroughly considered Cage's sentence *if applied today*," this was not a suggestion that the sentencing the guideline maximum was incorrect at the time of sentencing, simply that if sentenced today, the current guideline range would be 262 to 327. *See* Rec. Doc. 432 at 10-11.

district courts have full discretion to determine what "extraordinary and compelling" reasons justify compassionate release.  See, *United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021)

This Court has already thoroughly considered that if sentenced today, Cage's sentencing guideline range would be lower; however, we rejected this argument as the change in guidelines *was not retroactive*. Rec. Doc. 421 at 13 (emphasis added) (citing *United States v. Gonzalez*, 714 F. App'x 367, 370-71 (5th Cir. 2017)). There is nothing in the record or otherwise to suggest that the sentencing guideline maximum *at the time of defendant's sentencing* was in error as argued by defendant. Defendant's sentence did not exceed the statutory maximum, the sentence was affirmed by the Fifth Circuit, and defendant fails to cite any authority to suggest that the change in sentencing guidelines was retroactive. Therefore, defendant's argument that there was a purported "error" in the guideline maximum that creates extraordinary and compelling reasons for a sentencing reduction is not persuasive to this Court. Nor does the present record reveal the lowering of a sentence guideline imprisonment range would *per se* entitle this movant to a finding of extraordinary and compelling reasons for relief sought herein.

### D. Overarching § 3553(a) factors continue to weigh against defendant's compassionate release

The Court further emphasizes that our previous § 3553(a) conclusion remains unchanged, that "the nature of the instant conviction, his

6

conduct and disciplinary record as a whole serve to weigh against compassionate release." *See* Rec. Doc. 421 at 16-17; Rec. Doc. 432 at 11. The statutory text of § 3582(c)(1)(A) indicates that § 3553(a) factors need to separately weigh in favor of compassionate release. 18 U.S.C. § 3582(c)(2). As the Fifth Circuit has expressed it, the § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. Mar. 9, 2022).

On several occasions this Court has considered the applicable § 3553(a) factors, which weigh against compassionate release. *See* Rec. Doc. 432 at 11-12; Rec. Doc. 422 at 14-17. Defendant again raises the argument that his "prison record regarding rehabilitation effort should be a favorable factor under 3553(a) and so should his family support," however the Court has already addressed this argument and determined that defendant's "criminal history, the nature of the instant conviction, his conduct and disciplinary record as a whole serve to weigh against compassionate release." *See* Rec. Doc. 422 at 16-17; *see also* Rec. Doc. 432 at 12. In fact, the Fifth Circuit affirmed this Court's 3553(a) analysis and determined that "the 18 U.S.C. § 3553(a) factors can independently support the judgment," and that "Cage's mere disagreement with the district court's balancing of the § 3553(a) factors does not warrant reversal." Rec. Doc. 446 at 3.

The instant motion raises the additional argument that "[t]he court should consider the other defendants who was [*sic*] convicted and

7

sentenced on the same drug offense as the defendant," and that "[e]ach of the other three men were indicted and convicted on more than one drug offense, and was sentenced to less time the defendant on one account, and all of the three men have long been released," however, this argument is unpersuasive. *See* Rec. Doc. 447. Defendant mischaracterizes his role in the offense with that of other offenders, as this Court determined that defendant Cage was a leader/organizer of the underlying criminal conduct he and others committed. *See* Rec. Doc. 290 at 28-29 (Fifth Circuit discussion of this Court's determination that defendant Cage was a leader/organizer). This determination resulted in a two-level increase for his role pursuant to U.S.S.G. § 3B1.1, which was further addressed and upheld by the Fifth Circuit on appeal. *See id.* Defendant presents no new evidence that has not already been considered by this Court.

Therefore, as previously found, significant factors compel the denial of Cage's motion for compassionate release, including but not limited to his multiple felony convictions, history of narcotics possession, and the instant conviction of conspiracy to possess with intent to distribute cocaine hydrochloride. *See* Rec. Doc. 421 at 15. The arguments presented to the contrary are unpersuasive and do not provide the court with any new facts or evidence that have not already been considered on several occasions. We again conclude "the nature of the instant conviction, [defendant's] conduct and disciplinary record

as a whole serve to weigh against compassionate release." *Id.* at 16-17.

New Orleans, Louisiana this 1st day of May, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE