**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 98-194** |
| **JESSE L. CAGE** | **SECTION "B"** |

<u>**ORDER AND REASONS**</u>

Before the Court are petitioner, Jesse Cage's motion for a reduction/amendment of his sentence (Rec. Doc. 457), the government's opposition (Rec. Doc. 460), and the petitioner's reply (Rec. Doc. 461).[1] For the following reasons,

**IT IS ORDERED** that petitioner's motion for reduction/amendment of his sentence (Rec. Doc. 457) is **DENIED**.

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

On April 14, 1992, Cage pled guilty to possession of over twenty-eight grams of cocaine and was sentenced to eight years in Louisiana Department of Correction's custody. Rec. Doc. 457-4 at 2. Three and a half years later, Cage was released on good-time parole. Rec. Doc. 457-1 at 2. After being on parole for about eight months, Cage was arrested again for possession of cocaine. *See id.* Subsequently, his parole was revoked and he was arrested and held in jail. *Id.* While awaiting trial for violation of his parole, Cage escaped from jail. *Id.* at 3. Then, the federal government indicted Cage with conspiracy to possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841. *Id.* (citing Rec. Doc. 1). Cage was arrested in April 1999 where a federal jury found him guilty, and the court sentenced him to thirty years in federal prison with six years of supervised release. Rec. Doc. 457-1 at 3; *United States v. Cage*, No. 98-

---

[1] We thank Judicial Extern A. Wallace for work on this matter.

194, 2020 WL 1984357, at *1 (E.D. La. Apr. 27, 2020).[2] After serving twenty-five years, Cage was released from federal prison. *See* Rec. Doc. 457-1 at 1-2; Rec. Doc. 460 at 2. Thereafter, the Louisiana Department of Corrections arrested Cage to serve the remaining four years of his eight year sentence from 1992. Rec. Doc. 457-2 at 2. Cage's council filed a motion to review his sentence soon after his arrest in Orleans Parish Criminal District Court and the motion was denied. Rec. Doc. 460-1 at 3. Thereafter, Cage filed the instant motion. Rec. Doc. 457. Cage has been on federal supervised release since January 14, 2025 per a March 5, 2025 report from U.S. probation for our district.

## LAW AND ANALYSIS

### A. **Standard of Review**

A defendant may move the court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to the warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement has been met, the court may reduce a defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant such a reduction and, thereafter, a reduction would be in conformity with the sentencing factors under 18 U.S.C. § 3553(a). *See id.*; *Ward v. United States*, 11 F.4th 354, 359-60 (5th Cir. 2021). The analysis of extraordinary and compelling reasons is informed by—and must be consistent with—applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving they are entitled to a reduction. *See Ward*, 11 F.4th at 361 (citation omitted).

---

[2] Originally, the district court sentenced Cage to eight years supervised release. Rec. Doc. 457-1 at 3 (citing *Cage*, No. 98-194, 2020 WL 1984357, at *1). On appeal, the Fifth Circuit vacated Cage's supervised release, Rec. Doc. 290, and on remand the district court sentenced Cage with six years supervised release. *Id.* (citing Rec. Doc. 303).

B.  **Lapse of Thirty Days from Request for Relief from Warden or Exhaustion of Administrative Remedies**

In the instant case, Cage avers that he does not need to meet the exhaustion requirement because *Fuller v. Rich* states that it is not required in habeas cases when administrative remedies are unavailable, inappropriate, or serve no useful purpose. Rec. Doc. 457-1 at 5-6 (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted)). The government disagrees, stating that Cage's argument is inapplicable to and contrary to the wording of § 3582(c)(1)(A). Rec. Doc. 460 at 3-4. Cage does not provide any authority supporting that the waiver of the exhaustion requirement for habeas motions can be applied to the exhaustion requirement for compassionate release motions. *See* Rec. Doc. 457-1 at 5-6. Accordingly, Cage must meet the exhaustion requirement.

Moreover, the Fifth Circuit directly adopted reasoning from the D.C. Circuit, holding that a writ of habeas corpus is favored over other generally worded statutes when attacking the lawfulness of a defendant's imprisonment. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (citing *United States v. Jenkins*, 50 F.4th 1185, 1202 (D.C. Cir. 2022)). In addition, the Fifth Circuit provided "simple" public policy reasons for this rule, including that "[i]f a prisoner could avoid the strictures Congress imposed in Chapter 153[, including habeas corpus], by bringing their release-from-confinement claims under a different, more general, and more permissive statute, he obviously would." *Id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). Therefore, Cage cannot waive the exhaustion requirement because this is not a writ for habeas corpus.

Additionally, in his reply, Cage states that non-binding district courts, most notably the Southern District of Mississippi, have held that the First Step Act is non-jurisdictional and allows equitable exceptions to the exhaustion requirement under § 3582(c)(1)(A). Rec. Doc. 461 at 2

(citing *United States v. Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241, at * 5-6 (S.D. Miss. May 1, 2020)); *see also United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); *United States v. Bess*, 455 F. Supp. 3d 53, 63 (W.D.N.Y. 2020); *United States v. Scparta*, 567 F. Supp. 3d 416, 426 (S.D.N.Y. 2020); *United States v. Perez*, 451 F. Supp. 3d 288, 291-92 (S.D.N.Y. 2020); *United States v. Greene*, 516 F. Supp. 3d 1, 21 (D.D.C. 2021); *United States v. Johnson*, 464 F. Supp. 3d 22, 28 (D.D.C. 2020); *United States v. Anderson*, 460 F. Supp. 3d 711, 717 (C.D. Ill. 2020). "For this *narrow* exception to apply, a plaintiff must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing.'" *Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241, at *6 (citing *Sandoz v. Cingular Wireless, L.L.C.*, 700 Fed. App'x 317, 320 (5th Cir. 2017)) (emphasis added). In *Kelly*, the court held that the equitable exception was met because the petitioner pursued his rights diligently after the petitioner's request for relief was denied and the petitioner timely appealed. *Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241, at *5. Additionally, the "extraordinary circumstance" requirement was met because the petitioner's case occurred during the COVID-19 pandemic, preventing the petitioner from timely filing. *Id.*

Even adopting the Southern District of Mississippi's reasoning that there is an equitable exception to exhaustion under § 3582(c)(1)(A), Cage does not meet the extraordinary circumstances requirement to the equitable exception. Specifically, Cage's circumstances, including serving a state sentence consecutive to a federal sentence, Rec. Doc. 457-1 at 1, is not an "extraordinary circumstance" like the COVID-19 pandemic was in *Kelly. See Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241, at *5. Therefore, even if there was an equitable exception to § 3582(c)(1)(A), Cage does not meet that exception.

4

Also in his reply, Cage alleges that the exhaustion requirement under § 3582(c)(1)(A) can be waived because it parallels 42 U.S.C. § 1983 claims. Rec. Doc. 461 at 3. § 1983 claims permit waiver of the exhaustion requirement under 42 U.S.C. § 1997e(a) if a plaintiff brings a § 1983 claim after he has been released. *See* 42 U.S.C. § 1997e(a). For this argument, Cage cites only to non-binding circuit courts. Rec. Doc. 461 at 3 (citing *Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005) (citation omitted)); *see also Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004); *Cox v. Mayer*, 332 F.3d 422, 424-45 (6th Cir. 2003); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999). Additionally, the cases that Cage refers to only apply § 1997e(a) to the Prison Labor Reform Act and do not explain whether § 1997e(a) can be applied to § 3582(c)(1)(A). *See Norton*, 432 F.3d at 1150 (citation omitted); *Witzke v. Femal*, 376 F.3d at 750; *Cox*, 332 F.3d at 424-45; *Ahmed*, 297 F.3d at 210; *Medina-Claudio*, 292 F.3d at 35; *Page*, 201 F.3d at 1140; *Greig*, 169 F.3d at 167.  As there is no legal authority, currently, in the Fifth Circuit which provides that a waiver of exhaustion under § 1997e(a) for § 1983 claims can be applied to compassionate release, waiver of exhaustion under § 1997e(a) for § 1983 claims cannot be applied to compassionate release.

Furthermore, § 1997e(a) states that § 1983 claims cannot be brought "until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Based on the availability requirement of § 1997e(a), the Supreme Court in *Ross v. Blake* determined that three circumstances exist where a remedy is not available and exhaustion not required. *Ross v. Blake*, 578 U.S. 632, 643-644 (2016).[3] However, the Court only created these exceptions because, with

---

[3] These circumstances include when (1) "an administrative procedure . . . operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates", (2) "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use", and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

statutory exhaustion provisions, "courts have a role in creating exceptions only if Congress wants them to." *Id.* at 639. Specifically, statutory exhaustion provisions "stand[] on a different footing" where "Congress sets the rules." *Id.*

In this case, § 3582(c)(1)(A) does not have the same availability requirement as § 1997e(a). *Compare* 18 U.S.C.§ 3582(c)(1)(A) *with* 42 U.S.C. § 1997e(a). Specifically, § 3582(c)(1)(A) only states that "the court *upon motion* to the Director of the Bureau of Prisons, or *upon motion* of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce a term of imprisonment" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Therefore, under § 3582(c)(1)(A) the court cannot create exhaustion exceptions because Congress has not provided general wording for the courts to supplement, like it did with § 1997e(a). *See Ross*, 578 U.S. at 639.

Finally, the Fifth Circuit has expressly held that "a prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153." *Escajeda*, 58 F.4th at 187. Cage's request to this Court to amend his state and federal sentences to run concurrently is a challenge to the legality or duration of his sentence under 28 U.S.C. § 2255, which is included under Chapter 153. *See United States v. Morrison*, No. 73-132. 2024 WL 1885564, at *3 (5th Cir. Apr. 30, 2024) (holding that defendant's assistance of counsel arguments, including that counsel failed to object to the court's order that defendant's sentence run consecutively, is a challenge to the legality or duration of a defendant's sentence and should be constructed as a habeas petition under § 2255). Accordingly, Cage has a cognizable claim under § 2255; therefore, his claims cannot be raised in a request for compassionate release. *See id.* Cage may pursue that claim in a § 2255 motion should he so choose. *See id.*

C.  **Authority to Grant Compassionate Release in this Case**

Even assuming Cage met an exception to the exhaustion requirement or that the exhaustion requirement could be waived, this Court does not have authority to amend his state and federal sentences to run concurrently. Cage alleges that this Court has authority to amend his state and federal sentences to run concurrently pursuant to *Setser v. United States*. Rec. Doc. 457-1 at 5. However, *Setser* cannot be applied to this case to hold that this Court has authority to amend Cage's state and federal sentences to run concurrently. In *Setser*, the petitioner argued that federal district courts do not have authority to determine, at federal sentencing, whether their state and federal sentences were to run concurrently or consecutively. *Setser v. United States*, 566 U.S. 231, 233 (2012). The Court determined that federal district courts "*at the federal sentencing hearing*" have the authority to determine whether state and federal sentences will run concurrently or consecutively. *Id.* at 234 (emphasis added).

In this case, the federal sentencing hearing already occurred in 2000. Rec. Doc. 457-1 at 3. Nevertheless, Cage, who has now completed serving the entirety of his federal imprisonment sentence, is asking this Court to amend his state and federal sentence, which was set at the federal sentencing hearing in 2000, clarifying that his federal sentence was to run concurrently with his state sentence. *See* Rec. Doc. 457-1 at 1. *Setser* cannot be relied on for the proposition that this Court can amend Cage's state and federal sentence to run concurrently after the federal sentencing hearing because the Court in *Setser* only stated that, at federal sentencing hearings, federal district courts can order state and federal sentences to run concurrent or consecutive. *Setser* 566 U.S. at 234.

In opposition to Cage's reliance on *Setser*, the government states that § 3582(c)(1)(A) only applies to imprisonment terms for inmates in federal custody. Rec. Doc. 460 at 4. Subsequently,

Cage disagrees with the government's interpretation of § 3582(c)(1)(A), stating that the statute does not explicitly state that it is limited to inmates in federal custody and instead is broad, using the terms "defendant" instead of inmate and "in any case" rather than in federal custody. Rec. Doc. 461 at 4. First, § 3582(c)(1)(A) does not explicitly state that its applicability is limited to inmates in federal custody. *See* 18 U.S.C. § 3582(c)(1)(A). Additionally, Cage is correct that § 3582(c)(1)(A) includes broad terms, such as "defendant" and "in any case." 18 U.S.C. § 3582(c)(1)(A). Still, this broad language does not mean that this Court has authority to amend Cage's sentence.

Significantly, Cage's federal imprisonment sentence has already been served. Doc. 457-1 at 1. Therefore, all that remains is his federal supervised release and his state sentence. *See id.* Accordingly, if this Court were to amend his sentence, it would be amending his state sentence to run concurrently with his federal sentence because his federal imprisonment time has already been served. Rec. Doc. 457-1 at 4. The government cites to persuasive authority where other district courts declined to grant compassionate release from state custody. Rec. Doc. 460 at 4 (citing *Teague v. Colorado*, No. 20-cv-01425-PAB, 2020 WL 3429153, at *5 (D. Colo., June 22, 2020); *Puerner v. Smith*, No. 09-C-1051, 2009 WL 4667996, at *2 (E.D. Wis. Dec. 3, 2009); *Williams v. Keiser*, No. 17-CV-1040, 2020 WL 2028256, at *2 (W.D.N.Y. Apr. 28, 2020); *United States v. Tillisy*, No. CR13-310 RSL-MLP, 2020 WL 1904045, at *2 (W.D. Wash. Apr. 17, 2020)). However, Cage still must serve federal supervised release and is therefore not only subject to state custody. *See* Rec. Doc. 457-1 at 1. Therefore, this Court does not have authority to amend Cage's sentence to run concurrently because his case is no longer at the federal sentencing hearing stage, and he has served the totality of his federal imprisonment sentence.

D. **Extraordinary and Compelling Reasons**

Assuming Cage exhausted his administrative remedies and that this Court has authority to amend his sentence to run concurrently, Cage can receive relief only if he proves the existence of an extraordinary and compelling reason. *See* 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing guidelines informs the § 3582(c)(1)(A)(i) analysis of extraordinary or compelling reasons. *See* U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). § 1B1.13 contains a non-exclusive list of six extraordinary and compelling reasons within the policy test itself offering greater clarity to courts. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–210 (Am. 814). Cage alleges that his compassionate release motion implicates one of the newly promulgated extraordinary and compelling bases: other reasons. Rec. Doc. 457-1 at 7. The government disagrees, highlighting that Cage finishing an outstanding state sentence is not an extraordinary or compelling reason because Cage knew he had a state conviction when he escaped from state custody and was federally sentenced. Rec. Doc. 460 at 5-6.

"Other Reasons" under the definition of extraordinary and compelling reasons requires that "[t]he defendant present[] any other circumstance or combination of circumstances that, when considered by themselves or together" are similar in gravity to the other definitions of extraordinary and compelling reasons, including victim of abuse, age, family circumstances, or medical circumstances. U.S.S.G. § 1B1.13(b)(5). Cage serving the remaining time on a state sentence, after violating parole of that state sentence and after serving a subsequent federal sentence, is not similar in gravity to medical circumstances, family circumstances, age, or abuse. Cage alleges that his case is similar to *United States v. Scott*, where the court granted compassionate release for the petitioner because their child was paralyzed, requiring multiple

9

caregivers, and the petitioner was at a low risk for reoffending. *United States v. Scott*, No. 18-82, 2024 U.S. Dist. LEXIS 89092, at *7-8 (E.D. La. May 17, 2024). Cage states that his case is like *Scott* because he also presents a low risk of reoffending. Rec. Doc. 457-1 at 11. However, it was both the petitioner in *Scott*'s low risk of danger to the public and family circumstances that led to the court granting his compassionate release. *Scott*, No. 18-82, 2024 U.S. Dist. LEXIS 89092, at *7-8. In this case, Cage lacks the unique family circumstances or similar unique circumstances in *Scott* that present extraordinary and compelling reasons.

Additionally, Cage briefly mentions his age as a part of extraordinary and compelling reasons for compassionate release. Rec. Doc. 457-1 at 8. § 1B1.13(b)(2) states that for age of the defendant to be an extraordinary and compelling reason for compassionate release, the defendant must be "(A) . . . at least 65 years old; (B) . . . experiencing a serious deterioration in physical or mental health because of the aging process; and (C) . . . served at least 10 years or 75 percent of his or her imprisonment term, whichever is less." U.S.S.G. § 1B1.13(b)(2). While Cage is 65 years old and has served over 10 years, he does not present any evidence of serious deterioration in physical or mental health based on his age. *See* Rec. Doc. 457-1 at 8. Instead, Cage discusses that he is less likely to reoffend because of his age. *See id.* This does not meet the requirements for age under extraordinary and compelling reasons.

Finally, Cage discusses his rehabilitation, Rec. Doc. 457-1 at 8-12, which alone is not enough for extraordinary and compelling reasons. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). Accordingly, without the presentation of any other factors showing extraordinary and compelling reasons for compassionate release, Cage cannot present extraordinary and compelling reasons with his rehabilitation alone.

10

Altogether, Cage has not presented extraordinary and compelling reasons for compassionate release.

E. **18 U.S.C. § 3553(a) Sentencing Factors**

As the final step in the compassionate release evaluation, the § 3553(a) factors must independently support a sentencing reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a) ("[T]he court may reduce a term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) . . . ."). As the Fifth Circuit has expressed it, the § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. Mar. 9, 2022) (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)).

In maintaining "a sentence sufficient, but not greater than necessary," this Court evaluates Cage's compassionate release motion through the stated factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a). The court's application of the § 3553(a) factors is discretionary. *See Ward*, 11 F.4th at 360 (quoting 18 U.S.C. § 3582(c)(1)(A)) ("[M]otions for compassionate release are inherently discretionary. By statute, a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are

applicable.""); *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) ("[A] 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.' Thus, we give deference to the district court's decision and note that reversal is not justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate'"). While noting that the Supreme Court has described, "for argument's sake," a district court to have "equivalent duties when initially sentencing a defendant and when later modifying the sentence," the Fifth Circuit has concluded "[f]lexibility and discretion from rigid rules is particularly applicable when there is a motion to modify a sentence." *Ward*, 11 F.4th at 361 (discussing *Chavez-Meza v. United States*, 585 U.S. 109, 115-16 (2018)).

Cage alleges that he meets the sentencing factors because of his age, twenty-five years of incarceration, and at most negligible risk to the public. Rec. Doc. 457-1 at 11. The government disagrees, highlighting Cage's criminal history spanning two decades, and that the court in Cage's prior requests for compassionate release did not find that he met the § 3553(a) sentencing factors. Rec. Doc. 460 at 6; Rec. Doc. 449; Rec. Doc. 432; Rec. Doc. 421. Cage focuses on his history and characteristics rather than the nature, circumstances, and goals of his sentence. *See* Rec. Doc. 457-1 at 11. Under § 3553(a)(2), Cage's sentence must "reflect the seriousness of his offense, promote respect for the law, and . . . provide just punishment for the offense", among other requirements. 18 U.S.C. § 3553(a)(2)(A). Cage is serving the remaining time on his state sentence because he violated parole that he was serving for that state sentence. Rec. Doc. 457-1 at 2. Additionally, while awaiting adjudication of his arrest for violating parole, he escaped from the state jail, leading to his federal charge. *Id.* at 3. The circumstances of Cage's arrest, and the requirement that he finish his state sentence after serving his federal sentence, promotes respect for the law, reflects

the seriousness of the offense, and provides just punishment. Therefore, Cage does not meet the

sentencing factors and is not entitled to compassionate release.

New Orleans, Louisiana, this 11th day of March, 2025

_____

SENIOR UNITED STATES DISTRICT JUDGE